UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETTA SCONIERS, | ) | 1:07cv972 AWI DLB |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) | DISMISSING CERTAIN DEFENDANTS |
| | ) | |
| v. | ) | ORDER DIRECTING PLAINTIFF TO SUBMIT |
| | ) | USM-285 FORMS |
| CALIFORNIA DEPARTMENT OF | ) | |
| SOCIAL SERVICES, et al., | ) | ORDER DENYING PLAINTIFF'S REQUEST |
| | ) | TO REINSTATE SCHEDULING ORDER |
| | ) | (Document 8) |
| Defendants. | ) | |
| | ) | |

Plaintiff Janetta Sconiers ("Plaintiff") is proceeding pro se and in forma pauperis in this action, filed on July 9, 2007. Plaintiff filed an amended complaint on December 11, 2007, along with a request that the Court reinstate a prior Scheduling Order. When this action was first filed, it was incorrectly construed as an appeal of a denial of Social Security benefits. The Court therefore vacated the August 3, 2007, Scheduling Order in a Social Security Appeal and informed Plaintiff that her complaint would be screened pursuant to 28 U.S.C. § 1915(e)(2). As this case is not a Social Security Appeal, Plaintiff's request to reinstate the August 3, 2007, Scheduling Order is DENIED.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof

1

1  if the court determines that the action is legally "frivolous or malicious," fails to state a claim
2  upon which relief may be granted, or seeks monetary relief from a defendant who is immune
3  from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state
4  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be
5  cured by amendment.
6       In reviewing a complaint under this standard, the Court must accept as true the allegations
7  of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
8  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
9  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
10 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
11      Fed. R. Civ. P. 8(a) provides:
12      A pleading which sets forth a claim for relief, whether an original claim, counterclaim,
   cross-claim, or third-party claim, shall contain (1) a short and plain statement of the
13 grounds upon which the court's jurisdiction depends, unless the court already has
   jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short
14 and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
   demand for judgment for the relief the pleader seeks. Relief in the alternative or of
15 several different types may be demanded.
16      A complaint must contain a short and plain statement as required by Fed. R. Civ. P.
17 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
18 notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.
19 Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
20 particularity overt acts which the defendants engaged in that support Plaintiff's claim.  Id.
21 Although a complaint need not outline all elements of a claim, it must be possible to infer from
22 the allegations that all elements exist and that there is entitlement to relief under some viable
23 legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);
24 Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).
25      In reviewing a complaint under this standard, the Court must accept as true the allegations
26 of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
27 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick
28

1  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
2  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3  B.	Plaintiff's Allegations

4        Plaintiff's amended complaint alleges numerous constitutional and statutory violations
5  relating to the August 29, 2006, decision by the California Department of Social Services
6  ("DSS") sustaining Fresno County's decision to discontinue her In-Home Support Services
7  ("IHSS"). She names numerous defendants: Social Security Administration ("SSA") and its
8  Commissioner, Michael J. Astrue, DSS and its director, Cliff Allenby, Fresno County IHSS and
9  its director, Julie Hornback, DSS Social Workers Pao Vang, Jesse Rojas, Jose Plasencia,
10 Timoteo Gomez, Andrew Baxter, Minaxi Jhaveri, Jose Banuelos, and John R. Castello,
11 Administrative Law Judges ("ALJ") Joyce Howell, Elizabeth Parker and Gregory L Martin, and
12 Health Care Providers Nellie Go, Valley Gamily Medical Center and Fresno Community
13 Hospital.

14       According to Plaintiff's lengthy amended complaint, it appears that she applied for IHSS
15 in April 2004. She was granted IHSS in June 2004, but contends that on August 31, 2005,
16 without providing the mandatory ten day notice or an opportunity to be heard, her benefits were
17 terminated.

18       A flurry of administrative activity then occurred, the exact nature of which is not
19 immediately clear from the amended complaint. In the end, Defendants affirmed the termination
20 of her benefits on August 29, 2006.

21       With respect to the above events, Plaintiff alleges that Defendants failed to provide the
22 minimal procedural safeguards required by due process, including providing notices of hearings,
23 an opportunity to be heard and present evidence, and access to an impartial decision maker. She
24 further contends that Defendants made fraudulent representations, convened hearings despite
25 informing Plaintiff that they were postponed and improperly failed to rescind the decision to
26 discontinue IHSS. She also alleges that in processing her application, Defendants obtained and
27 disseminated medical reports without her prior written authorization.
28

1  Plaintiff alleges causes of action for denial of due process and equal protection under the
2  Fourteenth Amendment, violations of the California Constitution, violations of California Code
3  of Civil Procedure sections 1005 and 1987, violations of California Civil Code sections 56 and
4  47, violation of the Health Insurance Portability and Accountability Act ("HIPAA"), violations of
5  45 C.F.R. § 205.10, violation of California Welfare and Institutions Code sections 11209, 12300,
6  12300.1, 12309, and 14132.95, and intentional infliction of emotional distress.  Plaintiff requests
7  temporary restraining orders, temporary and permanent injunctions, and damages in excess of
8  $40,000,000.

C. <u>Discussion</u>

Plaintiff's action is, fundamentally, a procedural due process challenge to the actions of DSS and Fresno County IHSS.  Plaintiff's ability to bring such a challenge arises under the Civil Rights Act, 42 U.S.C. § 1983, which provides redress for violations of federally protected rights committed by persons acting under color of law.  At a minimum, in order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the act complained of was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt v. Taylor</u>, 451 U.S. 527, 535 (1981).  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).  Thus, the statute plainly requires that there be an actual causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).

In her amended complaint, Plaintiff groups all Defendants together and refers to them as a collective unit.  She makes allegations against the group as a whole, but in doing so, she fails to link each Defendant with an alleged deprivation of her rights.

1. *SSA and Michael Astrue*

First, despite Plaintiff's characterization of her amended complaint and her naming of Michael J. Astrue and the SSA as Defendants, this action does not involve an appeal of a denial

4

of Social Security benefits. Instead, her complaint involves the denial of IHSS, a program that is provided by DSS and administered through local IHSS offices in county welfare departments. Cal. Welf & Inst. Code § 12300, et seq. Although partly supported by federal funds, IHSS is not administered by the SSA nor does the SSA make any decisions regarding an applicant's eligibility. On this basis, then, Defendants SSA and Michael J. Astrue, Commissioner of Social Security, are not proper defendants and should be DISMISSED.

   2.   *Social Workers Pao Vang, Jesse Rojas, Jose Plasencia, Timoteo Gomez, Andrew Baxter, Minaxi Jhaveri, Jose Banuelos, and John R. Castello*

Other than a statement that "Defendant Pao Vang provided Plaintiff notice her services had been erroneously discontinued*,* she had been denied additional paramedical hours, and that they were being restored effective December 16, 2006," Plaintiff makes no allegations against any of the individual social worker defendants.

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, the requisite causal connection can be established not only by some kind of direct personal participation, but also by setting in motion a series of acts by other which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. This standard of causation "...closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff has therefore failed to link any alleged deprivations with these Defendants and has failed to state a claim against them. Similarly, the statement relating to Defendant Pao Vang is not sufficient to state a claim. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Defendants Pao Vang, Jesse Rojas, Jose Plasencia, Timoteo Gomez, Andrew Baxter, Minaxi Jhaveri, Jose Banuelos, and John R. Castello should therefore be DISMISSED WITHOUT PREJUDICE. Should Plaintiff discover facts that

support allegations against these individual Defendants, she may move to amend the complaint at that time.

   3.   *ALJs Joyce Howell, Elizabeth Parker and Gregory L Martin*

Again, although Plaintiff makes blanket allegations against all Defendants, she fails to make specific allegations against the named ALJs linking them.  As explained above, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  She fails to do so with respect to Defendants Howell, Parker and Martin and they should be DISMISSED.

   4.   *DSS*

Insofar as Plaintiff names DSS, she may not sustain an action against a state agency.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because DSS is a state agency, it is entitled to Eleventh Amendment immunity from suit.  Accordingly, DSS should be DISMISSED.

   5.   *HIPAA Cause of Action*

Insofar as Plaintiff attempts to state a cause of action under HIPAA, she is not entitled to do so.  HIPAA does not provide for a private right of action, as the law specifically states that the Department of Health and Human Services must pursue enforcement actions.  See eg., O'Donnell

1  v. Blue Cross Blue Shield of Wyoming, 173 F.Supp.2d 1176, 1178 (D.Wyo.2001).  Accordingly,
2  Plaintiff's HIPAA cause of action should be DISMISSED WITHOUT LEAVE TO AMEND.

**FINDINGS AND RECOMMENDATION**

Pursuant to the above, IT IS HEREBY RECOMMENDED that:

1.  Defendants SSA, Michael J. Astrue, Pao Vang, Jesse Rojas, Jose Plasencia, Timoteo Gomez, Andrew Baxter, Minaxi Jhaveri, Jose Banuelos, John R. Castello, Joyce Howell, Elizabeth Parker, Gregory Martin and DSS be DISMISSED; and

2.  Plaintiff's HIPAA cause of action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendations will be submitted to the Honorable Anthony W. Ishii, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**ORDER**

At this screening stage, given the overall nature of the allegations in Plaintiff's amended complaint, the Court orders as follows:

1.  Service is appropriate for the following Defendants:

    Fresno County IHSS

    Cliff Allenby

    Julie Hornback

    Nellie Go

    Valley Family Medical Center

    Fresno Community Hospital

1  2. The Clerk of the Court shall send Plaintiff six USM-285 forms, six summonses, an instruction sheet and a copy of the amended complaint filed December 11, 2007.

3. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Six completed summonses;

    b. One completed USM-285 form for each Defendant; and

    C. Seven copies of the endorsed amended complaint filed on December 11, 2007.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **December 26, 2007**                           /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE