IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>　　　　Plaintiff,<br>　　v.<br><br>CALIFORNIA DEPARTMENT OF<br>SOCIAL SERVICES, et al.,<br><br>　　　　Defendants. | 07-CV-00972-AWI-DLB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO AMEND COMPLAINT AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS<br><br>(Documents # 16, 17 & 22) |

　　　　On December 11, 2007, Plaintiff filed an amended complaint against all defendants. Plaintiff claims, however, that her "mental ability was impaired" at that time because "she has a seizure disorder and had been prescribed and was taking medications that rendered her confused." Plaintiff states that, due to her condition, "she negligently filed a draft of the first amended complaint on December 11, 2007 that was similar to the original complaint rather than the one that" Plaintiff intended to file. Accordingly, Plaintiff requests an opportunity to file another amended complaint.

　　　　Federal Rule of Civil Procedure 15(a) provides that a party "may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . ." Plaintiff has already filed an amended complaint and thus seeks leave of

court to file a second amendment.  Rule 15(a) further directs that when a party seeks leave of court to amend a pleading, "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citations omitted).  The Ninth Circuit has held that a number of factors may be considered in deciding whether to grant leave to amend, see Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990), especially including prejudice to the opposing party.  Eminence Capital, LLC., 316 F.3d at 1052.  In this case, no party has filed any reply opposing Plaintiff's request.  In light of Plaintiff's poor health and pro se status, Plaintiff's request is GRANTED in accordance with the Ninth Circuit's standard.

An amended pleading "supersedes the original, the latter being treated thereafter as non-existent."  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, Plaintiff's second amended complaint will supersede the original, and the first amended complaint is treated as non-existent.  This case comes before the Court on motions to dismiss from defendants Fresno Community Hospital and Medical Center, Fresno County In Home Supportive Services, and Julie Hornback ("Defendants").  Because Defendants' motions attack Plaintiff's first amended and now "non-existent" complaint, Defendants' motions are moot.

Accordingly, IT IS HEREBY ORDERED that:
1. Plaintiff's request to file an amended complaint is GRANTED.  Plaintiff shall file her amended complaint on or before May 9, 2008; and
2. Defendants' motions to dismiss are DENIED as moot.

IT IS SO ORDERED.

**Dated:   April 25, 2008**            /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE

2