# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETTA SCONIERS, | ) | 1:07cv0972 AWI SMS |
| | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | APPLICATION FOR APPOINTMENT |
| | ) | OF COUNSEL |
| v. | ) | |
| | ) | (Document 39) |
| CALIFORNIA DEPARTMENT OF | ) | |
| SOCIAL SERVICES, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Janetta Sconiers ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant application for appointment of counsel on July 31, 2008. Although Plaintiff's argument is mainly directed towards the pending motion to dismiss, she requests that the Court appoint counsel due to her medical and mental impairments. She contends that her impairments and medications make it difficult for her to litigate this action.

There is no Constitutional right to counsel in civil matters unless the indigent litigant is in danger of losing her physical liberty. Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

1  In the present case, the Court does not find the required exceptional circumstances.  See
2 <u>Rand</u>, 113 F.3d at 1525.  Despite her impairments, Plaintiff is able to articulate her claims
3 sufficiently in this civil rights action.
4  IT IS SO ORDERED.
5  **Dated:   August 19, 2008**                    /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE