1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT FOR THE

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   JANETTA SCONIERS,                    )    07-CV-00972-AWI-DLB
                                          )
11                        Plaintiff,      )    ORDER GRANTING IN PART
                v.                        )    AND DENYING IN PART
12                                        )    DEFENDANTS' MOTIONS TO
     CALIFORNIA DEPARTMENT OF             )    DISMISS
13   SOCIAL SERVICES, et al.,             )
                                          )    (Documents # 30 & 33)
14                        Defendants.     )
     _____ )

15

16

17

18         This case comes before the Court on motions to dismiss brought by defendants Fresno

19   Community Hospital and Medical Center ("FCH"), Nellie Go ("Go"), and Valley Family

20   Medical Center ("VFMC") (collectively as "Defendants").  For the reasons that follow, the

21   motions to dismiss will be granted in part and denied in part.

22

23                   FACTUAL AND PROCEDURAL BACKGROUND

24         Plaintiff Janetta Sconiers filed the underlying complaint in this Court after the termination

25   of her In Home Supportive Services ("IHSS") benefits.  The IHSS program is a statewide

26   mandated program administered by each county under the direction of the California Department

27   of Social Services.  It provides those with limited income who are disabled, blind or over the age

28   of 65 with in-home care services to help them remain safely in their own homes.  Plaintiff

1  received IHSS benefits from approximately April 2004 to December 2005.

2      On May 9, 2008, Plaintiff filed a second amended complaint against some seventeen

3  parties (some in both their individual and official capacities) with fifty-four causes of action.

4  The complaint seeks injunctive relief from the termination of Plaintiff's IHSS benefits and actual

5  and punitive damages totaling $45 million.  Plaintiff claims that the named defendants

6  unlawfully obtained her confidential medical information and that Fresno In Home Supportive

7  Services wrongfully terminated her IHSS benefits based on that information.

8      Defendant FCH filed its motion to dismiss on June 3, 2008, and defendants Go and

9  VFMC filed their motion to dismiss on June 11, 2008.  Both motions are filed pursuant to

10  Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), seeking dismissal of the complaint

11  against Defendants for lack of jurisdiction and failure to state a claim upon which relief can be

12  granted, respectively.

13      Plaintiff filed oppositions on July 1, 2008 and July 10, 2008.  Defendants Go and VFMC

14  filed a reply on July 3, 2008, and Defendant FCH filed a reply on July 11, 2008.

15

16  **A.      MOTION TO DISMISS FOR LACK OF JURISDICTION**

17                 **1.      Legal Standard**

18      Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss

19  based on lack of subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  It is a fundamental

20  precept that federal courts are courts of limited jurisdiction.  Limits upon federal jurisdiction

21  must not be disregarded or evaded.  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365,

22  374 (1978).

23      A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the

24  allegations in the complaint, or factual, where the court is permitted to look beyond the complaint

25  to extrinsic evidence.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v.

26  Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).  The

27

28                                                2

1  plaintiff has the burden to establish that subject matter jurisdiction is proper.  Kokkonen v.

2  Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th

3  Cir. 2001).  This burden, at the pleading stage, must be met by pleading sufficient allegations to

4  show a proper basis for the court to assert subject matter jurisdiction over the action.  McNutt v.

5  General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  The

6  pleading must show "affirmatively and distinctly the existence of whatever is essential to federal

7  jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on

8  discovering the same, must dismiss the case, unless the defect be corrected by amendment."

9  Tosco Corp. v. Communities For A Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

10        When a defendant challenges jurisdiction "facially," all material allegations in the

11  complaint are assumed true, and the question for the court is whether the lack of federal

12  jurisdiction appears from the face of the pleading itself.  See Wolf, 392 F.3d at 362; Miranda v.

13  Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000); Thornhill Publishing Co. v. General Telephone

14  Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549

15  F. 2d 884, 891 (3d Cir.1977).  When a defendant makes a factual challenge "by presenting

16  affidavits or other evidence properly brought before the court, the party opposing the motion

17  must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject

18  matter jurisdiction."  Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004);

19  Savage, 343 F.3d at 1039 n.2.  The court need not presume the truthfulness of the plaintiff's

20  allegations under a factual attack.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

21

22        _____**2.      Discussion**

23        Defendants argue that their motions to dismiss should be granted, thereby dismissing the

24  complaint as against Defendants, because this Court lacks the statutory authority to hear the

25  claims brought against them.  Defendants concede, however, that Plaintiff brings claims under

26  the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution; Title II of the

27

28                                           3

Americans with Disabilities Act; 42 U.S.C. sections 12132-12133; section 504 of the Rehabilitation Act; and 42 U.S.C. section 1983.  Under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), there is no question then that this Court has subject matter jurisdiction over such matters.  Under 28 U.S.C. § 1367, the Court has authority to hear the additional claims through the principle of supplemental jurisdiction.  28 U.S.C. § 1367(a) ("district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").  Assuming all material allegations in the complaint are true, the lack of federal jurisdiction does not appear from the face of the pleading itself.  Accordingly, Defendants' 12(b)(1) motions are denied.

### B.       MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

#### 1.       Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a

4

complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

1
_____**2.**    **Arguments Brought By All Defendants**

2
Defendants bring 12(b)(6) motions to dismiss all claims against Defendants arising under

3
42 U.S.C. 1983, CFR 45 § 205.10, the Health Insurance Portability and Accountability Act

4
("HIPAA"), and the tort of intentional infliction of emotional distress.

5

6
_____**a.**    **Claims Under 42 U.S.C. § 1983**

7
Defendants challenge Plaintiff's § 1983 claims on the sole ground that FCH and VFMC

8
are private hospitals and Go is an employee of a private hospital and thus Defendants cannot be

9
liable under § 1983.  42 U.S.C. § 1983 provides:

10
"Every person who, under color of any statute . . . of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the

11
jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

12
equity, or other proper proceeding for redress . . . ."

13
Hence, a plaintiff in a § 1983 action must establish a violation of a right secured by the

14
Constitution or laws of the United States by a defendant acting under the color of law.  See

15
Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).  Generally, only a state actor, and not a

16
private individual or entity, may be liable under 42 U.S.C. § 1983 because "§ 1983 excludes

17
from its reach merely private conduct, no matter how discriminatory or wrong." Sutton v.

18
Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American

19
Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999)); see also Brunette v. Humane Society of

20
Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002).

21
Defendants argue that because they are private entities and not state actors, the Court

22
must dismiss the § 1983 claims against them.  Defendants are correct that a private entity is not

23
ordinarily subject to a § 1983 claim.  There is no right to be free from the infliction of

24
constitutional deprivations by private entities.  See Van Ort v. Estate of Stanewich, 92 F.3d 831,

25
835 (9th Cir.1996).  However, the ultimate question over whether a private party is subject to a

26
suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the

27

28
6

1  government.  See Sutton, 192 F.3d at 835.  The Ninth Circuit recognizes at least four different

2  criteria, or tests, used to identify state action: (1) public function; (2) joint action; (3)

3  governmental compulsion or coercion; and (4) governmental nexus.  Id.  "Satisfaction of any one

4  test is sufficient to find state action, so long as no countervailing factor exists."  Lee v. Katz, 276

5  F.3d 550, 554 (9th Cir. 2002).

6        In the "joint action" test, the court considers whether "the state has so far insinuated itself

7  into a position of interdependence with the private entity that it must be recognized as a joint

8  participant in the challenged activity.  This occurs when the state knowingly accepts the benefits

9  derived from unconstitutional behavior."  Kirtley v. Rainey, 326 F.3d 1088, 1093 (9th Cir. 2003).

10 Thus it may be possible to bring a section 1983 claim against a private hospital and a private

11 employee acting in a private hospital, but the claim must satisfy the considerations listed above.

12 Jackson v. East Bay Hosp., 980 F. Supp. 1341, 1356 (N.D. Cal. 1997).

13       Here, Plaintiff contends that Defendants' conduct was under color of law according to the

14 joint action test of the Ninth Circuit.  Plaintiff alleges that Defendants wrongfully disclosed

15 Plaintiff's confidential medical information to the Fresno County District Attorney during an

16 investigation of Plaintiff without Plaintiff's consent.  Plaintiff further alleges that Defendants

17 provided Plaintiff's records to the state law enforcement agencies in order to participate in and

18 cooperate with the investigation of Plaintiff without any compulsion from the state parties in the

19 form of a subpoena or a warrant.  Thus its actions were voluntary and constituted unlawful joint

20 action with the government.

21       If Defendants were presented with a subpoena or warrant to produce Plaintiff's records,

22 and obliged in accordance with California law, the analysis here may be different.  However,

23 according to Plaintiff's factual allegations, Defendants acted in concert with the state, purely

24 voluntarily and with shared motive.  In turn, the state accepted the records from Defendants,

25 knowing that they were wrongfully produced, and relied upon them heavily during its

26 investigation.  As to whether the disclosure of the information derived from unconstitutional

27

28                                        7

behavior, Plaintiff correctly points out that the Ninth Circuit has long held that individuals have a constitutionally protected interest in avoiding disclosure of personal matters, including medical information.  Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004); see also Whalen v. Roe, 429 U.S. 589, 599-600.

In Gonzalez v. Spencer, 336 F.3d 832 (9th Cir.2003), defendant Gonzalez, an attorney, accessed plaintiff's juvenile court file without notifying him, and without obtaining authorization from the juvenile court, and then used the confidential records from the file to cross-examine plaintiff during his deposition in the underlying action.  Plaintiff brought suit against defendant, defendant's law firm, and the county for accessing and using his juvenile court file without authorization, alleging a violation of his Fourth and Fourteenth Amendment rights.  The court found that defendant acted under color of state law.  Id.

In that case, it must be pointed out that Gonzalez was hired to defend Los Angeles County in an underlying civil rights suit brought by plaintiff.  Id. at 834.  Still, as the court recognized in Lara Urbina v. Carson, No. 1:07-CV-00153 OWW, 2007 WL 2814652, (E.D. Cal. 2007), the comparison between that case and a case like the one at bar has "coherence."  "[J]ust as a person must first invoke California's statutory procedure for accessing someone's juvenile records, so too must a person comply with state and federal law before accessing or distributing a person's confidential health information."  Id. at *8.  In Urbina, a deputy county counsel solicited a nurse employed by a private hospital to disclose medical information knowing that such disclosure was in violation of federal and state law.  Plaintiff argued that since the county counsel was acting under state law when he arranged for the wrongful disclosures, the nurse acted under color of state law as well.  However, while plaintiff alleged that the county counsel solicited the nurse to make the disclosures, plaintiff had not sued the county counsel.  Plaintiff also failed to make any allegations that counsel directed the nurse's activities or that they collaborated or conspired together.  Therefore, the court held that the 1983 claim could not be brought because the state action was not sufficiently alleged.

1    Here, Plaintiff has named Defendants and each of the state actors involved in the

2    acceptance and use of the disclosure as defendants.  Further, Plaintiff has alleged that there was

3    joint participation among the parties to assist in the investigation of Plaintiff.  Defendants'

4    arguments are not sufficient to dismiss Plaintiff's claims at this stage.  Accordingly, Defendants'

5    motions to dismiss Plaintiff's claims based on 42 U.S.C. § 1983 are denied.

6

7                              **b.     HIPAA Claims**

8    Defendants argue that Plaintiff's claims for relief based on the Health Insurance

9    Portability and Accountability Act ("HIPAA") fails to state a cognizable cause of action because

10   the law does not provide for a private right of action.  Defendants are correct that a party may not

11   bring a private cause of action under HIPAA.  See Webb v. Smart Document Solutions, LLC,

12   499 F.3d 1078, 1082 (9th Cir. 2007) ( "Under HIPAA, individuals do not have a right to court

13   action.").  Therefore, Defendants' motions to dismiss Plaintiff's claims brought under HIPAA are

14   granted.

15

16                             **c.     45 CFR § 205.10**

17   Defendants argue that Plaintiff's claims under 45 CFR § 205.10 fail to state a claim upon

18   which relief can granted against Defendants.  Plaintiff's only factual allegations against

19   Defendants concern the disclosure of confidential medical information, and thus do not touch on

20   the claims brought under 45 CFR § 205.10.  Accordingly, Defendants' motions to dismiss

21   Plaintiff's claims brought under 45 CFR § 205.10 are granted.

22

23                             **d.     Intentional Infliction of Emotional Distress**

24   It is well settled in California that damages may be awarded for mental suffering caused

25   by intentional and outrageous conduct.  Guillory v. Godfrey, 134 Cal. App. 2d 628, 633 (Ct. App.

26   1955).  The elements of the tort of intentional infliction of emotional distress are: (1) extreme

27

28                                        9

1  and outrageous conduct by the defendants with the intention of causing, or reckless disregard of

2  the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

3  emotional distress; and (3) actual and proximate causation of the emotional distress by the

4  defendant's outrageous conduct.  <u>Potter v. Firestone Tire & Rubber Co.</u>, 6 Cal. 4th 965, 1001

5  (1999); <u>Delfino v. Agilent Technology, Inc.</u>, 145 Cal. App. 4th 790, 808 (2006).

6         For conduct to be extreme and outrageous, it must be "so extreme as to exceed all bounds

7  of that usually tolerated in a civilized community."  <u>Potter</u>, 6 Cal. 4th at 1001; <u>Delfino</u>, 145 Cal.

8  App. 4th at 809.  Defendants argue that the only allegations against them are related to their

9  disclosure of Plaintiff's medical information to investigators, and that such actions do not

10  constitute "outrageous conduct" as a matter of law.  Plaintiff has cited no relevant authority to

11  support the position that the allegations against Defendants are sufficiently "outrageous."  After

12  considering California case law that illustrates circumstances in which a defendant's conduct has

13  been found to be outrageous and not outrageous, the Court agrees with Defendants.  Therefore,

14  Defendants' motions to dismiss Plaintiff's claim for relief for the intentional infliction of

15  emotional distress are granted.

16

17  _____3.    **Arguments Brought by VFMC and Go**

18  _____a.    **Negligent Infliction of Emotional Distress**

19         The torts of intentional infliction of emotional distress and negligent infliction of

20  emotional distress are entirely different.  Liability for the former is based on conduct exceeding

21  all bounds usually tolerated by decent society that is intended to cause emotional distress,

22  whereas liability for the latter is based on negligent conduct without any purpose to cause

23  emotional distress.  In California, it is well settled that a cause of action for negligent infliction of

24  emotional distress is not an independent tort; "rather it is the tort of negligence to which the duty

25  element applies."  <u>Friedman v. Merck & Co.</u>, 131 Cal. Rptr. 2d 885, 890 (Ct. App. 2003).  The

26  California Supreme Court has explained that in California "there is no duty to avoid negligently

27

28                                              10

causing emotional distress to another, . . . damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff." Potter, 6 Cal. 4th at 984.  The independent duty may be imposed by law, assumed by the defendant, or exist by virtue of a special relationship between the parties. Id. at 984-985.  Whether a duty exists is a question of law.  Friedman, 131 Cal. Rptr. 2d at 891.

The sole argument raised by VFMC and Go to dismiss this claim is the repeated point that "plaintiff's only factual allegation as to these moving defendants is that Nellie Go, acting on behalf of VFMC cooperated with the Fresno County District Attorney's office in connection with its investigation and at its request released medical information pertaining to the plaintiff which was in its possession."  Mot. at 13.  This statement alone does not demonstrate that Plaintiff has failed to state a claim against VFMC and Go.  VFMC and Go have failed to attack any specific element of the cause of action, which Plaintiff appears to have sufficiently alleged, or cite to any authority in support of their position.  The motion to dismiss Plaintiff's negligent infliction of emotional distress claim brought by VFMC and Go is denied.

**b.      California Civil Code § 47**

VFMC and Go also contend that their disclosure of Plaintiff's medical records were privileged communications under California Civil Code § 47.  Section 47 defines a "privileged publication or broadcast" in California.  However, the provisions under that section are inapplicable to the circumstances of this case.  In California, in the context of personal medical information, the more specific privileges established by the Confidentiality of Medical Information Act ("CMIA") supersede the general privileges of communication of section 47.  Pettus v. Cole, 57 Cal. Rptr. 2d 46 (Ct. App. 1996).  The court in Pettus explained that the "Legislature enacted the CMIA to protect the interest of individuals in maintaining the confidentiality of individually identifiable medical information created by health care providers, without regard to whether the provider had reasonable grounds for believing the recipient party's

motives for receiving the information were innocent.  Thus, where section 56.10 affords this type of information a greater level of protection from disclosure by health care providers, it must be read to limit the privilege of communication established under section 47(c)."  Id. at 70.  Also, as in Pettus, section 47(b) does not apply here because the context in which VFMC and Go allegedly disclosed medical information was not a legislative, judicial or official "proceeding" within the meaning that term has acquired in litigation.  See id.

VFMC and Go argue that their actions were in fact in compliance with California Civil Code § 56.10 of the CMIA.  Under section 56.10, no provider of health care may disclose medical information regarding a patient without first obtaining an authorization, except in very limited circumstances.  Cal. Civ. Code § 56.10.  VFMC and Go claim that their disclosure fell under the exception listed in § 56.10(b)(2), under which a "provider of health care . . . shall disclose medical information if the disclosure is compelled by . . . a board, commission, or administrative agency for purposes of adjudication pursuant to its lawful authority."  However, as Plaintiff alleges and Defendants concede, at the time they were produced, the disclosures were not "compelled" by any party, including a "board, commission, or administrative agency for purposes of adjudication pursuant to its lawful authority;" rather, the materials were "requested" by the district attorney's office and without any warrant or subpoena that could bring the action under exceptions in the provision.

**4.      Arguments Brought by FCH**

**a.      Punitive Damages Under California Civil Code § 3294**

FCH moves to dismiss Plaintiff's request for punitive damages against FCH.  In California, the award of punitive or exemplary damages is authorized by statute where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, either express or implied.  Cal. Civ. Code § 3294.  The terms malice, oppression, and fraud are defined in the statute as follows: malice means "conduct which is intended by the

12

defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others;" oppression is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights;" and fraud means "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."  Cal. Civ. Code § 3294(c)(1)-(3).

FCH argues that Plaintiff has failed to allege any facts that would warrant an award of punitive or exemplary damages as against FCH.  The Court agrees and thus FCH's motion to dismiss Plaintiff's request for punitive damages against FHC is granted.

## **ORDER**

Based on the above memorandum opinion, the Court ORDERS that:

1.   Defendants' motions to dismiss Plaintiff's claims against them for lack of subject matter jurisdiction are DENIED;

2.   Defendants' motions to dismiss Plaintiff's claims under 42 U.S.C. § 1983 are DENIED;

3.   Defendants' motions to dismiss Plaintiff's claims against them under HIPAA are GRANTED without leave to amend;

4.   Defendants' motions to dismiss Plaintiff's claims against them under 45 CFR § 205.10 are GRANTED with leave to amend;

5.   Defendants' motions to dismiss Plaintiff's claims against them for the intentional infliction of emotional distress are GRANTED with leave to amend;

6.   Motion brought by VFMC and Go to dismiss Plaintiff's claim for negligent infliction of emotional distress against them is DENIED;

7. Motion brought by FCH to dismiss Plaintiff's request for punitive damages against FCH is GRANTED with leave to amend.

Within twenty (20) days of service, Plaintiff may file an amended complaint in compliance with the rulings of this order (for example, Plaintiff may not allege a claim under HIPAA and may not add new legal claims for relief) and with Federal Rule of Civil Procedure 8.[1]

IT IS SO ORDERED.

**Dated: September 10, 2008**    **/s/ Anthony W. Ishii**
             CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Rule 8(a) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d) requires the "pleading to be concise and direct." Fed. R. Civ. P. 8(d). Plaintiff is directed to comply with these rules and avoid unnecessarily repetitive and lengthy statements. For example, when Plaintiff refers to all defendants or certain groups of defendants, Plaintiff may avoid listing each party individually by defining and using phrases such as "Defendants," "Public Defendants," or "Private Defendants."

14