1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

| | | |
|---|---|---|
| **JANETTA SCONIERS,** | ) | **07-CV-00972 AWI-DLB** |
| | ) | |
| **Plaintiff**, | ) | **ORDER ON PLAINTIFF** |
| | ) | **JANETTA SCONIER'S MOTION** |
| **v.** | ) | **FOR TEMPORARY** |
| | ) | **RESTRAINING ORDER AND** |
| **CALIFORNIA DEPARTMENT OF** | | **ORDER TO SHOW CAUSE FOR** |
| **SOCIAL SERVICES, et al.,** | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| **Defendants**. | ) | (Document #47) |
| _____ | ) | |

16

17

18

19

20

On November 20, 2008, Plaintiff Janetta Sconiers filed a third amended complaint and

21

motion for a temporary restraining order and order to show cause for a preliminary injunction.

22

Sconier served a copy of her complaint and motion on Defendants.  Sconiers's complaint does

23

not appear to request ex parte relief.

24

Sconier's complaint appears to allege numerous constitutional and statutory violations

25

relating to the August 29, 2006 decision by the California Department of Social Services

26

("DSS") sustaining Fresno County's decision to discontinue her In-Home Support Services

27

("IHSS benefits").  According to Sconier's lengthy third amended complaint, it appears that she

28

applied for IHSS benefits in April 2004.  Sconier was granted IHSS in June 2004, but contends

1    that on August 31, 2005, her IHSS benefits were terminated without providing the mandatory ten

2    day notice or an opportunity to be heard.  The complaint alleges that on August 29, 2006,

3    Defendants affirmed the termination of Sconier's IHSS benefits.   Sconier alleges causes of

4    action for denial of due process and equal protection under the Fourteenth Amendment of the

5    United States Constitution, violations of the California Constitution, California Civil Code, and

6    various other state and federal statutes.   Sconier's action is essentially a procedural due process

7    challenge to the actions of the DSS and Fresno County IHSS.  Sconier also alleges that

8    Defendants unlawfully obtained her confidential medical information and that Fresno County

9    IHSS wrongfully terminated her IHSS benefits based on that information.

10           Under the Local Rules, preliminary relief of this type will not be granted in the absence

11   of actual notice to the opposing party or counsel. L. R. 65-231(a).  "Appropriate notice would

12   inform the affected party and/or counsel of the intention to seek a temporary restraining order,

13   the date and time for hearing to be requested of the Court, and the nature of the relief to be

14   requested.  Once a specific time and location has been set by the Court, the moving party shall

15   promptly give additional notice of the time and location of the hearing."  Id.

16           Since Sconier has given notice to Defendants and does not seek ex parte relief,

17   Defendants shall be permitted to respond to Sconier's request for a temporary restraining order

18   and order to show cause for a preliminary injunction.

19

20                                              **ORDER**

21       Accordingly, the court ORDERS that:

22       1.     Defendants shall be permitted to file an opposition brief and respond to Sconier's

23              request for a temporary restraining order and order to show cause for a preliminary

24              injunction.  Such an opposition, shall be filed and served, together with any

25              supporting documents, on or before December 4, 2008.  The opposition will be

26              limited to 20 pages in length including any declarations, exhibits, or other

27

28                                                 2

1        evidence.

2    2.    Sconier shall be permitted to submit a reply to the response of Defendants under

3          the same terms and conditions that apply to the Defendants.  Such a reply, if

4          Sconier elects to submit one, shall comply with the page limitations set forth

5          immediately above and shall be filed and served on or before December 18, 2008.

6    3.     Following receipt of the materials discussed herein, the court will either take the

7          matter under submission and issue its decision thereafter or will schedule a day and

8          time for oral argument.

9

10   IT IS SO ORDERED.

11   Dated:    November 21, 2008              /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          3