IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANETTA SCONIERS, | ) | **07-CV-00972 AWI-DLB** |
| | ) | |
| **Plaintiff,** | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' MOTIONS TO** |
| **v.** | ) | **DISMISS PLAINTIFF'S THIRD-** |
| | ) | **AMENDED COMPLAINT AND** |
| CALIFORNIA DEPARTMENT OF | ) | **ORDER DENYING PLAINTIFF'S** |
| SOCIAL SERVICES, et al., | ) | **MOTION FOR TEMPORARY** |
| | ) | **RESTRAINING ORDER** |
| **Defendants**. | ) | |
| | ) | (Documents #47, 48 & #54) |

This case comes before the court on defendants Fresno County In Home Supportive Service's ("Fresno IHSS"), Julie Hornback's ("Hornback"), Nellie Go's ("Go"), and Valley Family Medical Center's ("VFMC") (collectively as "Defendants") motions to dismiss Plaintiff Janetta Sconier's third-amended complaint and motion for temporary restraining order.[1]  For the reasons that follow, Defendants' motions to dismiss will be granted.

---

[1]Plaintiff terms the motion "Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction."  In substance, the motion is a temporary restraining order and will be termed as such.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the underlying complaint in this court after the termination of her In Home Supportive Services benefits ("In Home Benefits").  The In Home Benefits program is a statewide mandated program administered by each county under the director of the California Department of Social Services ("DSS").  In Home Benefits provides those with limited income who are disabled, blind or over the age of 65 with in-home care services to help them remain safely in their own homes.  Plaintiff received In Home Benefits from approximately June 2004 to August 2005.

On May 9, 2008, Plaintiff filed a 290 page second-amended complaint against seventeen parties (some in both their individual and official capacities) with fifty-four causes of action.

On June 3, 2008, defendant Fresno Community Hospital and Medical Center ("FCH") filed a motion to dismiss.

On June 11, 2008, defendants Go and VFMC filed a motion to dismiss.  FCH's, Go's, and VFMC's motions were filed pursuant to Rules 12(b)(6) and 12(b)(1).[2]

On July 1, 2008 and July 10, 2008, Plaintiff filed oppositions.

On September 11, 2008, this court issued an order ("September 11 Order") granting in part and denying in part FCH's, Go's, and VFMC's motions to dismiss.[3]  (Document #42.)  The September 11 Order granted Plaintiff leave to file an amended complaint in compliance with the rulings of the September 11 Order and in compliance with Rule 8 (September 11 Order at page 14.)  The September 11 Order directed Plaintiff to comply with Rule 8(a) by including "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id.  The

---

[2]Unlike the present motions, FCH, Go, and VFMC's motions to dismiss did not contend that Plaintiff's complaint was in violation of Rule 8 or any court order.

[3]The court denied FCH, Go, and VFMC's motions to dismiss for lack of subject matter jurisdiction and denied their motions to dismiss as to Plaintiff's claims under §1983 and claims for negligent infliction of emotional distress.  The court granted FCH, Go, and VFMC's motions to dismiss Plaintiff's claims under HIPAA without leave to amend and claims under 45 C.F.R. § 205.10, claims for intentional infliction of emotional distress, and request for punitive damages with leave to amend.

2

1   September 11 Order directed Plaintiff to comply with Rule 8(d) by ensuring that each allegation

2   was simple, concise and direct.  Id.  Plaintiff was also directed to avoid unnecessarily repetitive

3   and lengthy statements.  Id.

4       On November 20, 2008, Plaintiff filed a 828[4] page third-amended complaint

5   ("Complaint") with fifty-three causes of action and a separate 149 page motion for a temporary

6   restraining order.

7       On November 21, 2008, the court issued an order granting Defendants permission to file

8   an opposition to Plaintiff's motion for a temporary restraining order. (Document # 50.)

9       On December 2, 2008, defendants Fresno IHSS and Hornback filed an opposition to

10  Plaintiff's motion for a temporary restraining order.  On December 3, 2008, defendants Go and

11  VFMC filed an opposition to Plaintiff's motion for a temporary restraining order.

12      Plaintiff's Complaint seeks declaratory and injunctive relief from the termination of

13  Plaintiff's In Home Benefits and actual and punitive damages totaling $45 million.  Plaintiff

14  appears to allege causes of action for denial of due process and equal protection under the

15  Fourteenth Amendment of the United States Constitution, violations of the California

16  Constitution, the California Civil Code, and various other state and federal statutes.  Plaintiff also

17  alleges that various defendants unlawfully obtained her confidential medical information and that

18  Fresno IHSS wrongfully terminated her In Home Benefits based on that information.

19      On November 21, 2008, defendants Fresno IHSS and Hornback filed a motion to dismiss.

20  On December 2, 2008, defendants Go and VFMC filed a motion to dismiss.  Both motions were

21  filed pursuant to Rule 12(b)(6) and Rule 8 and for failure to comply with the September 11

22  Order.  Defendants request that Plaintiff's Complaint be dismissed with prejudice.

23      Although, Plaintiff has not yet filed an opposition to Defendants' motions to dismiss,

24  given the nature of the Complaint and the clear violations of Rule 8 and the court's previous

25

26      [4]The body of the complaint is 200 pages in length and the related attachments and

27  exhibits are 628 pages in length.

28                                    3

orders, the court cannot conceive of any opposition that would prevent the dismissal of Plaintiff's

Complaint.

**LEGAL STANDARD**

**Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations." Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480,

1484 (9th Cir. 1995). Thus, the determinative question is whether there is any set of "facts that

could be proved consistent with the allegations of the complaint" that would entitle plaintiff to

some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). A dismissal under Rule

12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient

facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a

complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in

the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786,

788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).

The court must also assume that general allegations embrace the necessary, specific facts

to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir.

2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court

is not required "to accept as true allegations that are merely conclusory, unwarranted deductions

of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003);

Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume

4

the truth of legal conclusions merely because they are cast in the form of factual allegations."

Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will

not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants

have violated . . . laws in ways that have not been alleged."  Associated General Contractors of

California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

 Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to

amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122,

1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

In other words, leave to amend need not be granted when amendment would be futile.  Gompper

v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DISCUSSION

Defendants bring Rule 12(b)(6) motions on all claims, including those arising under

§1983 and the torts of negligence, negligent infliction of emotional distress, and intentional

infliction of emotional distress.

### General Rules of Pleading

Rule 8 establishes general pleading rules and requires that in order to state a claim for

relief, a pleading must contain a short and plain statement of the claim.  Fed. R. Civ. P. 8(a)(2).

Additionally, each allegation must be simple, concise and direct.  Fed. R. Civ. P. 8(d)(1).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733

1  F.2d 646, 649 (9th Cir. 1984); see Yamaguchi v. United States Dept. of Air Force, 109 F.3d

2  1475, 1481 (9th Cir. 1997).  A complaint which fails to comply with Rule 8 may be dismissed

3  with prejudice pursuant to Rule 41(b).  Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673

4  (9th Cir. 1981).

5         Here Plaintiff's 828 page Complaint does not adequately identify grounds for relief

6  against Defendants to satisfy Rule 8.  Plaintiff's Complaint is verbose, confusing, argumentative

7  and conclusory.  Plaintiff's Complaint fails to state the elements of her claims plainly and

8  succinctly and to provide Defendants with fair notice.  The September 11 Order granted Plaintiff

9  permission to amend her complaint so long as she complied with Rule 8.  (September 11 Order at

10 page 14.)  Plaintiff's Complaint fails to comply with the short and plain statement requirement

11 of Rule 8 as it is 828 pages in length.

12         Moreover, the Complaint is so voluminous, rambling, and disjointed as to render it

13 incomprehensible.  "Plaintiff must eliminate from plaintiff's pleading all preambles,

14 introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to

15 negate possible defenses, summaries, and the like."  Redd v. Deuel Vocational Institute, No. 505-

16 0987, 2005 WL 1366431, at *2 (E.D. Cal. 2005); see also McHenry v. Renne, 84 F.3d 1172 (9th

17 Cir. 1996) (affirming dismissal of §1983 complaint for violation of Rule 8 after warning).

18 Therefore, the pleading deficiencies prevent this court from proceeding on Plaintiff's Complaint.

19        **Failure to Comply with Court Orders and Local Rule 11-110**

20        This court's Local Rule 11-110 provides in relevant part, "failure of counsel or of a party

21 to comply with these Rules or with any order of the Court may be grounds for imposition by the

22 Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

23 Court."  L.R. 11-110.  District courts have inherent power to control their dockets and "in the

24 exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of

25 a case."  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A

26 court may dismiss an action, with prejudice, based on a party's failure to obey a court order or

27

28                                          6

1    local rule.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

2    comply with an order requiring amendment of complaint); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54

3    (9th Cir. 1995) (dismissal for noncompliance with local rule).

4         In this case, the September 11 Order directed Plaintiff to provide short and plain

5    statements of her claims and to state them in a simple, concise, and direct manner.  (September 11

6    Order at page 14.)  Plaintiff was also directed to avoid unnecessarily repetitive and lengthy

7    statements.  <u>Id.</u>  Plaintiff's newly filed 828 page Complaint is in direct violation of the

8    September 11 order and L.R. 11-110.  Instead of editing and reducing the length of her Complaint,

9    the new Complaint is actually 528 pages longer than her previous complaint.

10        Additionally, Plaintiff appears to have a history of non-compliance with Rule 8 and court

11   orders.  On September 14, 2006, Plaintiff filed a 236 page complaint attempting to assert 42

12   U.S.C. §1983 claims in connection with a Fresno County fraud investigation of Plaintiff.[5]  The

13   allegations in the September 14, 2006 complaint were primarily based on the same facts as the

14   current third-amended complaint.  On September 27, 2006, Magistrate Judge O'Neill issued an

15   order dismissing the complaint with leave to amend based on the complaint's pleading

16   deficiencies, immunities for defendant, and Plaintiff's apparent attempt to vex defendants.  The

17   September 27, 2006 order admonished Plaintiff **"that failure to file an amended complaint in**

18   **compliance with this order will result in recommendation to dismiss this action for failure to**

19   **obey a court order."** (Bold in original.)  Plaintiff failed to file an amended complaint.

20        On February 15, 2007, Magistrate Judge O'Neill dismissed the September 14, 2006

21   complaint without prejudice based on the complaint's pleading deficiencies, failure to comply

22   with Rule 8(a), failure to comply with the September 27, 2006 order pursuant to L.R. 11-110, and

23   immunities for defendants.  Thus, Plaintiffs's history of non-compliance with the court's previous

24   orders, Rule 8 and L.R. 11-110 provides further grounds to dismiss Plaintiff's Complaint without

25   prejudice.

26   ──────────────

27        [5] Case No. CV F 06–1260 AWI-LJO.

28                                    7

**ORDER**

For the reasons discussed above, this Court:

1.      DISMISSES Plaintiff's Complaint without prejudice and with leave to amend; and

2.      ORDERS Plaintiff to file an amended complaint in compliance with this order and
        Rule 8[6], and L.R. 11-110 within twenty (20) days of service of this order.
        Plaintiff's further amended complaint must not exceed 35 double spaced pages in
        length, including attachments and exhibits.  Plaintiff should be aware that exhibits
        are not typically necessary for a complaint.  As such, Plaintiff should not submit
        attachments such as correspondence or grand jury transcripts.

3.      DISMISSES Plaintiff's motion for a temporary restraining order.  Based on the
        court's dismissal of Plaintiff's Complaint, the court has determined that Plaintiff's
        motion for a temporary restraining order is moot.

**The court admonishes Plaintiff that any violation of this order will result in dismissal
with prejudice of this action for failure to obey a court order and to comply with Rule 8 and
L.R. 11-110.**

IT IS SO ORDERED.

**Dated:   December 16, 2008                    /s/ Anthony W. Ishii**
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff is directed to review the Federal Rules of Civil Procedure Appendix of Forms.
Fed. R. Civ. P. 84 provides, "the forms in the Appendix suffice under these rules and illustrate
the simplicity and brevity that these rules contemplate."