IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>      **Plaintiff**,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>SOCIAL SERVICES, et al.,<br><br>      **Defendants**. | 07-CV-00972 AWI-DLB<br><br>ORDER PRECLUDING<br>PLAINTIFF FROM FILING A<br>FOURTH-AMENDED<br>COMPLAINT AND REFERRING<br>TO MAGISTRATE JUDGE FOR<br>FURTHER ACTION<br><br>(Documents #65, #66, & #67) |

    This is an action for declaratory and injunctive relief stemming from the termination of Plaintiff's In Home Supportive Services benefits.

    This court issued a September 11, 2008 order[1] ("September 11 Order"), which granted Plaintiff permission to file a third-amended complaint so long as she complied with Rule 8 and the court's September 11 Order.

    On November 20, 2008, Plaintiff filed a 828 page third-amended complaint with fifty-three causes of action.

    This court issued a December 16, 2008 order ("December 16 Order"), which dismissed Plaintiff's third-amended complaint because it failed to comply with Rule 8, the rulings of the September 11 Order, and Local Rule 11-110. The December 16 Order also gave Plaintiff

---

[1] The September 11 Order also granted in part and denied in part Defendants' motions to dismiss. (Document #42.)

permission to file a fourth-amended complaint that complied with Rule 8, the September 11 and December 16 orders, and Local Rule 11-110. Moreover, the December 16 Order warned Plaintiff: "**The court admonishes Plaintiff that any violation of this order will result in dismissal with prejudice of this action for failure to obey a court order and to comply with Rule 8 and L.R. 11-110.**" (Bold in original.)[2]

Plaintiff's fourth-amended complaint was due on January 9, 2009.[3] Plaintiff filed neither an amended complaint nor a request for additional time.

Plaintiff was given adequate notice of her third-amended complaint's pleading and Rule 8 deficiencies and was granted an opportunity to amend. Plaintiff failed to file an amended complaint in compliance with the court's December 16 Order. Accordingly, the only active complaint in this matter is Plaintiff's second-amended complaint as modified and restricted by this court's September 11 Order.

To clarify, based on the modified and restricted second-amended complaint, this case is limited to Plaintiff's § 1983 and negligent infliction of emotional distress causes of action. As previously stated in the court's September 11 Order, Plaintiff's HIPAA claims fail to state a cognizable cause of action because the law does not provide for a private right of action. Lastly, Plaintiff's claims under 45 C.F.R. § 205.10, claims for intentional infliction of emotional distress, and request for punitive damages are dismissed with prejudice and without leave to amend.

---

[2] Although, the court admonished Plaintiff that "any violation of this order will result in dismissal with prejudice of this action for failure to obey a court order and to comply with Rule 8 and L.R. 11-110," it was the court's intent to caution Plaintiff that if she chose to file a fourth-amended complaint that did not comply with the court's order, then that violation would result in a dismissal of the *fourth-amended complaint.* Accordingly, the court did not intend to dismiss Plaintiff's entire action as the December 16 Order solely dismissed Plaintiff's third-amended complaint.

[3] The December 16 Order allowed Plaintiff to file a fourth-amended complaint within twenty (20) days of service of the order. Ordinarily, the complaint would have been due on January 6, 2009. Under Rule 6, however, an additional three (3) days are added for those parties that are served via mail, such as Plaintiff. Thus, Plaintiff had until January 9, 2009 to file her amended complaint.

**ORDER**

For the reasons discussed above, this court:

1. Orders that Plaintiff is precluded from filing a fourth-amended complaint;

2. Refers this matter to Magistrate Judge Beck for further action consistent with this order.

IT IS SO ORDERED.

Dated:   **January 16, 2009**                         /s/ Anthony W. Ishii
                                                    CHIEF UNITED STATES DISTRICT JUDGE