IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF<br>SOCIAL SERVICES, et al.,<br><br>            Defendants. | 07-CV-00972 AWI-DLB<br><br>ORDER DENYING PLAINTIFF'S APPLICATIONS FOR LEAVE TO FILE A FOURTH-AMENDED COMPLAINT IN EXCESS OF PAGE LIMITATION AND TEMPORARY RESTRAINING ORDER<br><br>(Documents #70 & #73) |

      Pending before the court is pro se Plaintiff Janetta Sconiers's ("Plaintiff") January 23, 2009 application for leave to file a fourth-amended complaint in excess of the court's page limitation.[1]

      Plaintiff's application is denied as this court's December 16, 2008 order gave Plaintiff permission to file a fourth-amended complaint that complied with Rule 8 and prior court orders by January 9, 2009.[2] Plaintiff filed neither an amended complaint nor a request for additional

---

[1] On December 16, 2008, this court issued an order, which allowed Plaintiff to file a fourth-amended complaint that did not exceed 35 double-spaced pages in length. The court restricted the length of Plaintiff's amended complaint because Plaintiff's third-amended complaint was dismissed for failure to comply with Rule 8 as it exceeded 820 pages in length.

[2] The December 16, 2008 order allowed Plaintiff to file a fourth-amended complaint within twenty (20) days of service of the order. Ordinarily, the complaint would have been due on January 6, 2009. Under Rule 6, however, an additional three (3) days are added for those parties that are served via mail, such as Plaintiff. Thus, Plaintiff had until January 9, 2009 to file

time by January 9, 2009.

Moreover, on January 20, 2009, the court issued an order precluding Plaintiff from filing a fourth-amended complaint. Additionally, the court clarified that although the court's December 16, 2008 order admonished Plaintiff: "any violation of this order will result in dismissal with prejudice of this action for failure to obey a court order and to comply with Rule 8 and L.R. 11-110," it was the court's intent to caution Plaintiff that if she chose to file a fourth-amended complaint that did not comply with the court's order, then that violation would result in a dismissal of the *fourth-amended complaint.* Accordingly, the court did not intend to dismiss Plaintiff's entire action as the December 16, 2008 order solely dismissed Plaintiff's third-amended complaint.

As discussed in the court's January 20, 2009 order, the court is proceeding on the claims found to be sufficiently plead by Plaintiff in the second-amended complaint. The September 11, 2008 order found that Plaintiff's action could proceed on a §1983 cause of action and a negligent infliction of emotional distress cause of action. Therefore, Plaintiff's second-amended complaint does not state any other cognizable claims.

Accordingly, the court will provide Plaintiff with an opportunity to notify the court in writing if she wishes to proceed only on her §1983 cause of action and negligent infliction of emotional distress cause of action against defendants found in the second-amended complaint.[3] To be clear, Plaintiff may not file any form of an amended complaint.

Lastly, as Plaintiff's application for a temporary restraining order concerns causes of action that have been dismissed by the court, Plaintiff's application is denied as moot.

---

her amended complaint.

[3] Here, Plaintiff filed a third-amended complaint, which superceded her second-amended complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997). Therefore, the court could technically dismiss Plaintiff's entire action because the court dismissed Plaintiff's third-amended complaint and because the second-amended complaint, which contained two viable claims, was superceded. However, in the interests of justice, the court will allow Plaintiff an opportunity to notify the court if she wishes to proceed only on her §1983 cause of action and negligent infliction of emotional distress cause of action.

2

ORDER

For the reasons discussed above, this court ORDERS:

1. Plaintiff's application for leave to file a fourth-amended complaint in excess of the court's page limitation is DENIED.
2. Plaintiff must notify the court by March 9, 2009 in writing that she wishes to proceed only on her §1983 cause of action and negligent infliction of emotional distress cause of action against defendants found in the second-amended complaint;
3. Plaintiff's entire action will be dismissed for failure to obey a court order if Plaintiff fails to comply with this order; and
4. Plaintiff's application for a temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:   February 5, 2009**               /s/ **Anthony W. Ishii**
                                      CHIEF UNITED STATES DISTRICT JUDGE