# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANETTA SCONIERS, | 07-CV-00972 AWI-DLB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S APPLICATIONS FOR LEAVE TO FILE A FOURTH-AMENDED COMPLAINT IN EXCESS OF PAGE LIMITATION AND TEMPORARY RESTRAINING ORDER AND DISMISSING ACTION WITH PREJUDICE |
| v. | |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, et al., | |
| Defendants. | |

(Documents #84, #86, & #88)

On March 5, 2009, the court issued an order that gave pro se plaintiff Janetta Sconiers ("Plaintiff") permission to file a fourth-amended complaint that complied with Rule 8 and the court's September 11, 2008 order, and December 16, 2008 order, and March 5, 2009 order within twenty (20) days of service of the March 5, 2009 order. Ordinarily, the complaint would have been due on March 25, 2009. Under Rules 5(b)(2)(C) and 6(d), however, an additional three (3) days are added for those parties that are served via mail, such as Plaintiff. See Fed. R. Civ. P. 5(b)(2)(C); Fed. R. Civ. P. 6(d). Thus, Plaintiff had <u>until March 30, 2009</u> to file her amended complaint. The March 5, 2009 order also cautioned Plaintiff that any violation of this order, the September 11, 2008 order, the December 16, 2008 order, or Rule 8 would result in dismissal with prejudice of her action for failure to obey a court order and to comply with Rule 8 and L.R. 11-110. The March 5, 2009 order also warned Plaintiff that her complaint must not exceed

thirty-five (35) double-spaced pages in length. The court restricted the length of Plaintiff's amended complaint because Plaintiff's third-amended complaint was dismissed for failure to comply with Rule 8 as it exceeded 820 pages in length.

On March 23, 2009, Plaintiff filed an ex parte request for additional time to file her fourth-amended complaint. On March 26, 2009 Magistrate Judge Beck <u>denied</u> Plaintiff's request for failure to show good cause or any cause to warrant an ex parte extension of time. Magistrate Judge Beck also denied Plaintiff's request to add new claims to the action because it violated the court's September 11, 2008 order. Magistrate Judge Beck ordered Plaintiff to file an amended complaint in compliance with the court's September 11, 2008 order, December 16, 2008 order, March 5, 2009 order, Rule 8, and L.R. 11-1110, <u>within the time frame set forth in the March 5, 2009 order</u>. The court's March 26, 2009 order also warned Plaintiff that any violation of the September 11, 2008, December 16, 2008 order, March 5, 2009 order, March 26, 2009 order, or Rule 8 would result in dismissal with prejudice of her action for failure to obey a court order.

Plaintiff did not timely file an amended complaint by March 30, 2009. On March 31, 2009, Plaintiff filed a fifty-four (54) page fourth-amended complaint. Plaintiff's amended complaint violates the court's December 16, 2008 order, March 5, 2009 order, and March 26, 2009 order because it was not filed within the time frame specified in the March 5, 2009 order and was not limited to thirty-five (35) pages in length as mandated in the December 16, 2008 order, March 5, 2009 order, and March 26, 2009 order. For the reasons discussed below, Plaintiff's entire action is dismissed with prejudice.

## **DISCUSSION**

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since July 9, 2007, and Plaintiff has been given multiple opportunities to correct the deficiencies in her complaint. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-

33; Henderson, 779 F.2d at 1424. The court's December 16, 2008, March 5, 2009, and March 26, 2009 orders requiring Plaintiff to file an amended complaint expressly stated: **"The court admonishes Plaintiff that any violation of this order, the September 11 2008, the December 16, 2008 order, or Rule 8 will result in dismissal with prejudice of this action for failure to obey a court order and to comply with Rule 8 and L.R. 11-110."** (emphasis in original). Thus, Plaintiff had adequate warnings that dismissal with prejudice would result from her noncompliance with the court's orders.

Therefore, based on Plaintiff's history of non-compliance with court orders and Rule 8, it has become evident that Plaintiff is either unable or unwilling to follow this court's orders and Rule 8. Accordingly, Plaintiff's entire action is dismissed with prejudice for failure to comply with several court orders.

Additionally, as Plaintiff's entire action has been dismissed with prejudice, Plaintiff's application for a temporary restraining order is denied as moot.

Lastly, as Plaintiff's entire action has been dismissed with prejudice, Defendants' motions to dismiss that were filed on April 1, 2009 are rendered moot.

### ORDER

For the reasons discussed above, this court ORDERS:

1. Plaintiff's ex parte application for leave to file a fourth-amended complaint in excess of the court's page limitation is DENIED.
2. Plaintiff's entire action is DISMISSED with prejudice for failure to obey court orders; and
3. Plaintiff's application for a temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:     April 2, 2009                     /s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE